UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM J. HARRIS, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> CBS CORPORATION, et al., <br><br> Defendant(s). | Case No. 5:12-CV-00049 EJD <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM REPLY BRIEF PAGE LIMITS; DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S REPLY BRIEF AND ALL EVIDENCE AND ARGUMENTS SUBMITTED FOR THE FIRST TIME THEREWITH; GRANTING PLAINTIFFS' MOTION REQUESTING LEAVE TO FILE EXCESS PAGES** <br><br> [Re: Docket Item Nos. 61, 62] |

On March 27, 2012, Defendant filed a reply brief (see Docket Item No. 44) in support of its Motion to Dismiss for Lack of Jurisdiction (see Docket Item No. 13). Plaintiffs filed an objection and motion to strike the reply brief and accompanying evidence. See Docket Item No. 61. Defendant moved for relief from reply brief page limits and filed an opposition to Plaintiffs' motion to strike Defendant's reply. See Docket Item No. 62.

Defendant's reply pleadings exceed the 15-page limit imposed by the local rules and Defendant did not obtain leave to exceed the page limit. Civil Local Rules 7-3(c) and 7-4(b) state that a reply brief may not exceed 15 pages unless expressly ordered by the court pursuant to a request prior to the due date. However, based on the administrative relief requested by Defendant and the facts set forth in Defendant's reply, the court GRANTS Defendant's motion for retroactive relief from the page limits imposed by local rules.

1

Furthermore, Plaintiffs have moved to strike the evidence submitted in Defendant's reply brief. The Ninth Circuit has held that, "where new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the non-movant an opportunity to respond." Cook v. Champion Shipping AS, 732 F. Supp. 2d 1029, 1031 n.2 (E.D. Cal. 2010) (quoting Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996)). Here, Plaintiffs will have the opportunity to respond to the new evidence that was presented by Defendant. Previously, in Wren v. RGIS Inventory Specialists, 256 F.R.D. 180 (N.D. Cal. 2009), where new declarations and arguments raised in the reply were largely within the scope of the issues raised by the opposition, this court decided not to strike the reply brief. Id. at 201. Additionally, the court refused to strike materials contained in the reply that would ordinarily have been expected to have been filed in support of the original motion, because their late submission was explained. Id. at 201-02. Similarly, the materials offered by Defendant in the reply brief are within the scope of issues raised in previous pleadings and Defendant offered an explanation for the late submission of the applicable contract. Accordingly, the court DENIES Plaintiffs' motion to strike the evidence and arguments submitted for the first time therewith and GRANTS Plaintiffs' request to file a reply with leave to file excess pages, not to exceed 25 pages.

IT IS HEREBY ORDERED that Defendant's reply brief in support of its Rule 12(b) motion to dismiss, as filed at its current length of 25 pages, shall be considered by the court in its entirety, along with all evidence and arguments submitted for the first time.

IT IS FURTHER ORDERED that Plaintiff may file a reply to Defendant's reply within 14 days of the date of this order, not to exceed 25 pages of fact and argument.

**IT IS SO ORDERED.**

Dated: April 23, 2012

EDWARD J. DAVILA
United States District Judge

2

Case No. 5:12-CV-00049 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM REPLY BRIEF PAGE LIMITS; DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S REPLY BRIEF AND ALL EVIDENCE AND ARGUMENTS SUBMITTED FOR THE FIRST TIME THEREWITH; GRANTING PLAINTIFFS' MOTION REQUESTING LEAVE TO FILE EXCESS PAGES